******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

U.S. BANK, N.A., TRUSTEE *v.* ANTHONY R.
ARMIJO ET AL.
(AC 42254)

Elgo, Devlin and Harper, Js.

*Syllabus*

The plaintiff bank, U Co., sought to foreclose a mortgage on certain real
property owned by the defendants A and C. A and C were defaulted
for failure to plead and the trial court rendered a judgment of strict
foreclosure. Thereafter, the court denied C's postjudgment motion to
dismiss, which alleged that U Co. did not have standing. The court
granted C's motion to reargue and ordered that the motion to dismiss
be reheard. The court subsequently denied C's motion to dismiss and
C's motion to reargue that decision. C then filed a second motion to
dismiss for lack of standing, which the court denied, and A and C
appealed to this court. This court thereafter granted in part U Co.'s
motion to dismiss this appeal. *Held* that this court could not review A
and C's challenge to the judgment from which they had appealed; A
and C failed to brief, or even mention, the trial court's judgment denying
their second motion to dismiss, the defendants' brief was limited to
their challenge of the court's findings of standing and jurisdiction, which
were decided in earlier rulings from which a timely appeal was never
taken, and the defendants failed to challenge the bases on which the
court denied the second motion to dismiss, which were the law of the
case doctrine and the denial of C's motion to reargue.

Argued November 20, 2019—officially released February 18, 2020

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant et al., brought to
the Superior Court in the judicial district of Stam-
ford-Norwalk, where the named defendant et al. were
defaulted for failure to plead; thereafter, the court, *Hon.
David R. Tobin*, judge trial referee, rendered judgment
of strict foreclosure; subsequently, the court, *Lee, J.*,
denied the defendant Cynthia Armijo's motion to dis-
miss, and the named defendant et al. appealed to this
court; thereafter, this court granted in part the plaintiff's
motion to dismiss the appeal. *Affirmed.*

*Thomas W. Moyher*, with whom, on the brief, was
*James M. Nugent*, for the appellants (named defendant
et al.).

*Christopher J. Picard*, for the appellee (plaintiff).

*Opinion*

DEVLIN, J. In this foreclosure action, the defendants Anthony R. Armijo and Cynthia Armijo[1] appeal from the judgment of the trial court denying their postjudgment motion to dismiss. The defendants claim on appeal that the court erred in rejecting their claim that it lacked jurisdiction over this action because the plaintiff, U.S. Bank, N.A., as Trustee for Citigroup Mortgage Loan Trust, Inc., did not have standing to bring it. We affirm the judgment of the trial court.

The following procedural history is relevant to the defendants' claims on appeal. The plaintiff filed a complaint in November, 2016, to foreclose a mortgage on certain real property owned by the defendants in Weston. The defendants, who filed appearances as self-represented parties, were defaulted for failure to plead, and the court rendered a judgment of strict foreclosure on September 25, 2017, setting a first law day of January 30, 2018.

On October 4, 2017, Cynthia Armijo filed a motion to dismiss the action for lack of standing, in which she argued that the original lender, Coldwell Banker Mortgage, was not a valid legal entity. The plaintiff objected to that motion to dismiss. While that motion was pending, the plaintiff moved to open and extend the law day, which the trial court granted on January 2, 2018, resetting the law day for April 3, 2018. By way of a memorandum of decision issued on January 22, 2018, the trial court denied Cynthia Armijo's motion to dismiss, concluding that the plaintiff had standing to bring this action.

On February 9, 2018, Cynthia Armijo moved to reargue her motion to dismiss. On March 7, 2018, the trial court granted the motion to reargue, voided its January 22, 2018 decision nunc pro tunc, and ordered that the motion to dismiss would be heard by another judge. The parties were ordered to reclaim the motion to dismiss to be assigned to the foreclosure short calendar. On March 21, 2018, the plaintiff filed a caseflow request to have the motion to dismiss written onto the March 26, 2018 short calendar. Cynthia Armijo objected to that caseflow request, but the trial court granted the request on March 23, 2018.[2]

By way of a memorandum of decision issued on June 21, 2018, the trial court concluded that the plaintiff had standing to bring this action against the defendants and, therefore, denied Cynthia Armijo's motion to dismiss. On July 26, 2018, the trial court denied Cynthia Armijo's July 10, 2018 motion to reargue. The defendants did not appeal the June 21, 2018 denial of the October 4, 2017 motion to dismiss or the denial of the motion to reargue.

On September 6, 2018, Cynthia Armijo filed another motion to dismiss for lack of standing and lack of sub-

ject matter jurisdiction, in which she asserted the same standing argument that she argued in her October 4, 2017 motion to dismiss. The trial court denied that second motion to dismiss on October 22, 2018. The court did so "under the law of the case on the merits and the motion to reargue." This appeal followed.

The plaintiff moved to dismiss this appeal on the grounds that it was moot because the law days had passed and that the appeal was, in part, untimely. This court granted in part the plaintiff's motion to dismiss, holding that the appeal was untimely as to all decisions prior to the trial court's order of October 22, 2018, which denied the defendants' September 6, 2018 motion to dismiss.

In accordance with that ruling, the defendants properly indicated on their appeal form that they are challenging the trial court's October 22, 2018 denial of the September 6, 2018 motion to dismiss. The defendants, however, failed to brief, or even mention, the trial court's October 22, 2018 judgment. The defendants' brief is limited to their challenge to the trial court's findings of standing and jurisdiction, which were decided in earlier rulings from which a timely appeal was never taken. Because the defendants failed to challenge the bases on which the court denied the September 6, 2018 motion to dismiss—the law of the case doctrine and the denial of the July 10, 2018 motion to reargue—we cannot review their challenge to the October 22, 2018 judgment from which they have appealed. See *Bank of New York Mellon* v. *Horsey*, 182 Conn. App. 417, 438–39, 190 A.3d 105, cert. denied, 330 Conn. 928, 194 A.3d 1195 (2018).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint also named the Connecticut Housing Finance Authority (CHFA) as a defendant. CHFA was defaulted for failure to plead, and is not a party to this appeal. Therefore, any references herein to the defendants are to Anthony R. Armijo and Cynthia Armijo.

[2] On March 26, 2018, the defendants filed their first appeal, Docket No. AC 41494, from the judgment of strict foreclosure, the initial denial of the October 4, 2017 motion to dismiss, and the March 7, 2018 order on the February 9, 2018 motion to reargue. The plaintiff filed a motion to dismiss that appeal as moot and, in part, untimely. On May 16, 2018, this court granted the plaintiff's motion to dismiss the defendants' first appeal without prejudice to the defendants raising their claims in a subsequent appeal following a final disposition of the motion to dismiss dated October 4, 2017, and the resetting of the law days.